UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARMONDO JACKSON,

Plaintiff,

v.

LAIRD,

Defendant.

_______________________________/

Case No. 2:26-cv-12086

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER PARTIALLY DISMISSING CASE**

Plaintiff Armondo Jackson, a state prisoner confined at the Saginaw Correctional Facility in Freeland, Michigan, filed a complaint under 42 U.S.C. § 1983. ECF No. 1. The Court granted Jackson leave to proceed without prepayment of the filing fee. ECF No. 5; *see* 28 U.S.C. § 1915(a)(1).

Jackson named a single Defendant, Corrections Officer Laird (first name unknown), in both his individual and official capacities. ECF No. 1, PageID.2. The actions in the complaint arose at the Saginaw Correctional Facility. According to the complaint, on February 9, 2026, Corrections Officer Bray notified Jackson at 4:30 a.m. that he had an offsite medical appointment for a problem with his groin. *Id.* at PageID.3. When it was time for prisoners with offsite appointments to depart, Defendant called everyone but Jackson. *Id.* Another corrections officer told Jackson that Defendant made the decision not to call him for his medical appointment. *Id.* Jackson alleged he was "having this ongoing problem with . . . Laird, and trying to go

to the hospital to get [his] groin [taken] care of." *Id.* Jackson also stated that, on March 27, 2026, Defendant "looked directly at [him] and winked . . . and [it] appear[ed] he was blowing [him] a kiss." *Id.* at 5. Jackson requested monetary damages in the amount of $150,000. *Id.* at 9.

For the reasons below, the Court will dismiss Jackson's retaliation and sexual harassment claims under 42 U.S.C. § 1983 and the claims brought against Defendant in his official capacity. Jackson's Eighth Amendment deliberate indifference claim survives the Court's initial screening.

**LEGAL STANDARD**

Under the Prison Litigation Reform Act of 1996 (PLRA), a federal district court must *sua sponte* dismiss an *in forma pauperis* complaint before service if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). A federal district court is similarly required to dismiss a frivolous or malicious complaint seeking redress against government entities, officers, and employees, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as

well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of the rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation modified). While the notice pleading does not require detailed factual allegations, Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In other words, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (citation modified). "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (citation modified). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555–56 (citations omitted). A pro se civil rights complaint is to be construed liberally. *Brent v. Wayne Cnty. Dep't of Hum. Servs.*, 901 F.3d 656, 676 (6th Cir. 2018).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege (1) he was deprived of a right, privilege, or immunity secured by the Federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155–56 (1978).

## DISCUSSION

I. Official Capacity

The Court will first address Jackson's claim for damages against Defendant in his official capacity. The Eleventh Amendment bars civil rights actions against a State and its agencies and departments unless the State has waived its immunity and consented to suit or Congress has abrogated that immunity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). "The State of Michigan . . . has not consented to being sued in civil rights actions in the federal courts." *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citation omitted). And Congress did not abrogate State sovereign immunity when it passed § 1983. *Chaz Constr., LLC v. Codell*, 137 F. App'x 735, 743 (6th Cir. 2005). Eleventh Amendment immunity applies to State employees who are sued for money damages in their official capacities. *Cady v. Arenac Cnty.*, 574 F.3d 334, 342 (6th Cir. 2009). Here, Jackson sued Defendant for monetary damages in his official capacity as a corrections officer at the Saginaw Correctional Facility, ECF No. 1, PageID.2, 9, the exact type of claim barred by Eleventh Amendment immunity. *Cady*, 574 F.3d at 342. Therefore, the Court must dismiss Jackson's claim for monetary damages against Defendant in his official capacity.

II. Retaliation

Jackson next contended that Defendant violated his First Amendment rights by retaliating against him. To establish a First Amendment retaliation claim, a prisoner must show that (1) he engaged in protected conduct, (2) the defendant took

an "'adverse action' that would deter 'a person of ordinary firmness from continuing to engage in that conduct,'" and (3) there is a "causal connection" between the prisoner's protected activity and the defendant's adverse action. *MacIntosh v. Clous,* 69 F.4th 309, 315 (6th Cir. 2023) (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc)). Protected conduct may consist of anything protected under the First Amendment. *See Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000).

The exact nature of Jackson's retaliation claim is unclear. He did not allege facts showing that he engaged in protected conduct before the alleged retaliatory act. Although Jackson later filed a grievance against Defendant, ECF No. 1, PageID.3–6, that grievance cannot support the retaliation claim because it was filed after Defendant allegedly cancelled Jackson's offsite medical appointment. For the same reason, cancellation of the earlier appointment cannot constitute an adverse action taken in retaliation for the grievance. *Anderson v. Gallagher*, No. 23-1751, 2024 WL 1364701, at *4 n.3 (6th Cir. Mar. 26, 2024). Because retaliation claims are easy to allege and prone to abuse, alleging the ultimate fact of retaliation is factually insufficient and "conclusory allegations of retaliatory motive unsupported by material facts will not be sufficient to state . . . a claim under § 1983." *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) (citation modified). Jackson alleged no other facts to support a retaliation claim. Accordingly, the Court will dismiss Jackson's retaliation claim.

III. Sexual Harassment

Sexual abuse by corrections officers can be sufficiently serious to violate the Eighth Amendment. *See Rafferty v. Trumbull Cnty.*, 915 F.3d 1087, 1095 (6th Cir. 2019). But verbal sexual harassment, without more, does not state an Eighth Amendment claim. *See Miller v. Wertanen*, 109 F. App'x 64, 65 (6th Cir. 2004) (affirming district court's ruling that verbal threat of sexual assault did not violate the inmate's constitutional rights); *Johnson v. Ward*, No. 99-1596, 2000 WL 659354, *1 (6th Cir. May 11, 2000) ("Johnson's allegation that Ward made an offensive sexual remark to him does not rise to the level of a constitutional violation."); *Hood v. Moore*, No. CV 18-124, 2021 WL 5218535, at *11 n.3 (E.D. Ky. Aug. 20, 2021), *report and recommendation adopted*, 2021 WL 4035004 (E.D. Ky. Sep. 3, 2021) (explaining that allegations that prison officials verbally harassed and "blew kisses" to a prisoner do not rise to a constitutional violation).

Jackson asserted that Defendant sexually harassed him in violation of the Eighth Amendment when Defendant winked and blew a kiss to him. ECF No. 1, PageID.5. While Defendant's actions may have been inappropriate, his unwelcome gestures were not accompanied by any physical contact or threat of contact. Thus, Jackson's allegations did not state an Eighth Amendment violation.

IV. Deliberate Indifference

Last, Jackson alleged Defendant's actions constituted deliberate indifference in violation of the Eighth Amendment. To state an Eighth Amendment deliberate indifference claim, a prisoner must satisfy an objective and subjective prong. "[A]

prison official's deliberate indifference to conditions that pose a substantial risk to an inmate's health and safety violates the Eighth Amendment." *Finley v. Huss*, 102 F.4th 789, 805 (6th Cir. 2024) (citing *Farmer v. Brennan*, 511 U.S. 825, 828 (1994)). "The objective prong asks whether the inmate was incarcerated under conditions posing a substantial risk of serious harm." *Id.* at 805 (citing *Farmer*, 511 U.S. at 834). "The subjective prong then asks whether officials knew of and disregarded that excessive risk to the inmate's health or safety." *Id.* (citing *Farmer*, 511 U.S. at 837).

The Sixth Circuit synthesized the subjective prong into three elements a plaintiff must establish: The individual defendants (1) were aware of facts from which the inference could be drawn that a substantial risk of serious harm exists; (2) actually drew the inference; and (3) consciously disregarded the risk. *Westmoreland v. Butler*, 29 F.4th 721, 726–27 (6th Cir. 2022) (citation omitted). Neglecting a prisoner's known medical needs may constitute deliberate indifference. *Darrah v. Krisher*, 865 F.3d 361, 368 (6th Cir. 2017).

Here, Jackson's factual allegations contain enough facts to allow his Eighth Amendment deliberate indifference claim to survive screening. Jackson alleged that Defendant denied him his scheduled offsite treatment for his groin issue. ECF No. 1, PageID.8. Jackson's factual allegations also indicate Defendant knew of Jackson's medical issues, as Jackson claimed his offsite treatment was scheduled and that Defendant controlled the medical calls for Jackson's housing unit. *See id.* at PageID.3, 8. Despite the scheduled offsite treatment for his groin issue, Jackson asserted Defendant did not call him to receive treatment, which could have put Jackson at risk

for more serious health issues. *See id.* at PageID.3. Accordingly, the Court will allow Jackson to proceed with his Eighth Amendment deliberate indifference claim.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that Jackson's retaliation and sexual harassment claims under 42 U.S.C. § 1983 and claims for monetary damages against Defendant in his official capacity are **DISMISSED WITHOUT PREJUDICE**.

Jackson's Eighth Amendment deliberate indifference claim survives the Court's initial screening process under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A.

**SO ORDERED**.

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: October 7, 2026